GAJARSA, Circuit Judge,
dissenting.
The majority makes two errors in its analysis of 38 U.S.C. § 1114(s), and therefore, I must respectfully dissent. First, it fails to read § 1114(s) in the context of the entire statute, as opposed to selected, segmented, individual portions. Majority Op. at 1049-50. Second, the majority improperly perceives ambiguity in § 1114(s) and thus resorts to 38 C.F.R. § 3.350(i) — the regulation related to § 1114(s) — to support its conclusion that a veteran must have a single disability rated at 100 percent in order to qualify for compensation under that section. Id. at 1049-50. In so doing, the majority also ignores the canon of statutory construction that requires ambiguities, if any, in veterans’ statutes to be resolved in favor of the veteran. See Brown v. Gardner, 513 U.S. 115, 117-18, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). In my view, the plain language of the statute and the intent of Congress establish that a veteran must simply have a total disability rating pursuant to § 1114(j) to qualify for special monthly compensation under § 1114(b).
Section 1114(s) states, in relevant part, that “[i]f the veteran has a service-connected disability rated as total, and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran’s service-connected disability or disabilities, is permanently housebound, then the monthly compensation shall be $2,993.” (Emphasis added). In its limited analysis of the plain language, the majority asserts that the singular indefinite article “a” before “service connected disability” and the use of both the singular “disability” and the plural “disabilities” demonstrates that § 1114(s) requires that a single disability be rated as total. Majority Op. at 1049.
A review of § 1114 in its entirety, however, mandates a different result. Compensation awarded under Section 1114 is either regular compensation, (a)-(j), or special monthly compensation, (k)-(p) and (r)(s). Sections 1114(a)-(j) provide the amount of monthly compensation “if and while the disability is rated” at a certain percentage, which is provided in increments of ten. (Emphasis added). Specifically, § 1114(j) provides the monthly compensation rate “if and while the disability is rated as total.” (Emphasis added). Although §§ 1114(a)-(j) refer to “the disability” in the singular, a veteran’s multiple service-connected disabilities can be combined to give the veteran a singular rating for compensation under those sections. See 38 C.F.R. § 4.25. A veteran who qualifies for compensation under § 1114(j) can obtain a total rating based on the combination of multiple disabilities.
The key language in § 1114(s) that says “a service connected disability rated as total ” tracks almost identically to the language in 38 U.S.C. § 1114(j) that says “if and while the disability is rated as total.” Because the language in these provisions is nearly identical, it should be construed to have the same meaning. See IBP, Inc. *1053 v. Alvares, 546 U.S. 21, 34, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005) (noting “the normal rule of statutory interpretation that identical words used in different parts of the same statute are generally presumed to have the same meaning.” (citation omitted)). Veterans entitled to monthly compensation under § 1114© can obtain a total rating by combining their disabilities into a single rating pursuant to 38 C.F.R. § 4.25. Having a total rating is a prerequisite to obtaining special monthly compensation under § 1114(s). See Guillory v. Shinseki, 603 F.3d 981, 983 (Fed.Cir.2010) (explaining that “[extraordinarily disabled veterans already receiving a 100% disability rating under section 1114© (‘total disability’) may also be eligible to receive an additional award for ‘special monthly compensation’ ..., over and above the monthly amount for total disability.” (citation omitted)). The language of § 1114(s) does not preclude a veteran from relying on a combined disability rating total to form the basis of his claim for compensation under that section.
Furthermore, the legislative history of section 1114(s) demonstrates that the very purpose of the section was to provide additional benefits to those veterans who were totally disabled under section 1114© but had additional, severe disabilities. It states that “[t]he current total disability rating [under subsection © ] is $225 monthly” and “[t]his new rate [in subsection (s) ] is an intermediate rate and applies to a veteran who is totally disabled .... ” See Special Compensation Rate for Housebound Service-Connected Disabled Veterans, H.R.Rep. No. 86-723 at 1 (1959); see also Special Compensation Rate for Housebound Service-Connected Disabled Veterans, H.R.Rep. No. 86-723 at 2 (1959) (noting that although “a wartime totally disabled veteran is entitled to basic compensation of $225 per month[, t]here is no intermediate rate ... for the veteran who is totally disabled ... and whose activities are greatly restricted, but who is not permanently bedridden.... ”); see also 86 Cong. Rec. 11,931 (1960) (statement of Rep. Rogers); id. at 15,434 (statement of Sen. Johnson). Thus, the legislative history supports the plain language of the statute: for a veteran to be entitled to compensation under § 1114(s), the veteran must qualify for total disability under § 1114©. Section 1114(s) was an “intermediate” benefit for those veterans who were more seriously injured than those having only a total disability but not requiring constant care. See H.R.Rep. No. 86-723 at 1.
The majority also claims that §§ 1114(k)-(p) support its reading of the statute. Sections 1114(k)-(o) provide special monthly compensation for veterans who, “as the result of service-connected disability,” have suffered certain other injuries. (Emphasis added). Section 1114(p) provides that “in the event the veteran’s service-connected disabilities exceed the requirements for any of the rates provided in this section,” the Secretary may award additional compensation. (Emphasis added). The majority relies on the lack of “a” before service-connected disability in these sections to support its contention that the use of the word “a” in § 1114(s) means that the veteran must have a single disability rated as total to qualify for compensation under that section. Majority Op. at 1049-50.
Contrary to the majority’s view, § 1114(k) does not require that a veteran suffer multiple disabilities to receive compensation. Section 1114(k) states:
if the veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs, or one foot, or one hand, or both buttocks, or blindness of *1054 one eye, having only light perception, has suffered complete organic aphonia with constant inability to communicate by speech, or deafness of both ears, having absence of air and bone conduction, or, in the case of a woman veteran, has suffered the anatomical loss of 25 percent or more of tissue from a single breast or both breasts in combination (including loss by mastectomy or partial mastectomy) or has received radiation treatment of breast tissue, the rate of compensation therefor shall be $96 per month for each such loss or loss of use independent of any other compensation provided in subsections (a) through (j) or subsection (s) of this section....
38 U.S.C. § 1114(k) (emphases added). Section 1114(k) clearly provides compensation in the event a veteran has a single disability, such as the loss of one foot or one hand, without the use of the article “a”. The lack of the article “a” does not mean that any compensation awarded under § 1114(k) must be for multiple disabilities. Indeed, the only limitation on the number of disabilities a veteran must have to qualify for compensation appears in § 1114(p), which uses the plural “disabilities.” Clearly, to obtain compensation under that section, a veteran must have two or more “disabilities.” The other sections in § 1114 do not have such a limitation.
The majority also claims that the distinction in § 1114(s) between “an additional service connected disability or disabilities” demonstrates that the use of the singular disability in the beginning of § 1114(s) means that one of the veteran’s disabilities must be rated as total. The use of the singular and plural of disability does not have the meaning that the majority ascribes to it. The most natural reading of this language is that a veteran may have one or more disabilities that are each independently ratable at 70 percent to qualify for compensation under § 1114(s). The inclusion of “disabilities” demonstrates that a veteran having two disabilities, each independently rated at 70 percent, is not excluded from special monthly compensation under this section simply because he has more than one severe injury.
Therefore, based on the plain language of the statute, for a veteran to qualify for SMC under section 1114(s), the veteran must have a total disability rating pursuant to section 1114(j). Because, in my view, the language of § 1114(s) is clear, it is unnecessary to rely on the related regulation. See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (“If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.” (footnote omitted)). To the extent that any ambiguity does exist in § 1114(s) — as the majority suggests — it should be resolved in favor of the veteran. Gardner, 513 U.S. at 117-18, 115 S.Ct. 552 (explaining that “interpretive doubt is to be resolved in the veteran’s favor”); see also King v. St. Vincent’s Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (“[P]rovisions for benefits to members of the Armed Services are to be construed in the beneficiaries’ favor.” (citing Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946))).
In this case, the Board determined that Mr. Guerra “has a combined 100 percent disability evaluation,” and he thus would qualify as having “a service-connected disability rated as total” for purposes of section 1114(s). The Board’s finding, however, did not specify whether Mr. Guerra would be entitled to this rating if his 70 percent rating for PTSD were counted separately. I would remand this case to *1055 determine whether Mr. Guerra would have a combined 100 percent disability rating excluding the 70 percent rating for PTSD. Because the majority has not so resolved this case, I dissent.